UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ECHO OLDSON,<br><br>Defendant. | 5:24-CR-50181-CCT<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING ECHO OLDSON'S MOTION TO SUPPRESS** |

Defendant, Echo Oldson, is charged with one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 2 and 1153, and one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3), 2 and 1153. Docket 1. Oldson moves to suppress the statement she made to Criminal Investigator Felix Nez ("Investigator Nez") on November 13, 2024, at approximately 4:30 p.m., while inside his department vehicle. Docket 37. Oldson contends that her statement must be suppressed because she was not advised of her *Miranda* rights and because the statement was made after she informed Investigator Nez that she did not want to talk about the incident. *Id.*

The Court referred Oldson's motion to suppress to Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B). After holding an evidentiary hearing, Magistrate Judge Wollmann recommended that this Court deny Oldson's motion to suppress. Docket 50 at 13. Oldson timely filed an

objection to the Report and Recommendation. Docket 51. The government did not object to the Report and Recommendation.

After a de novo review of the Report and Recommendation and the record, the Court adopts the Report and Recommendation and denies Echo Oldson's motion to suppress.

## LEGAL STANDARD

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The Court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). Motions to suppress evidence are considered dispositive matters. 28 U.S.C. § 636(b)(1). In conducting a de novo review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

After a de novo review of the transcript of the evidentiary hearing and the exhibits received into evidence, the Court adopts the facts as set forth in the Report and Recommendation. Oldson did not file any objections to the facts.

## DISCUSSION

Oldson objects, Docket 51 at 1, to the magistrate judge's interpretation of *United States v. Ramos*, CR. 17-50010-JLV, 2017 WL 5135589 (D.S.D. Nov. 6, 2017), asserting that the "Report and Recommendation acknowledges . . . the point being made by [Oldson's] motion . . . but then goes on from there to suggest that in order for [her] to prevail she must show that she was in custody or her will had been overborn[.]" She contends that "[t]here is no requirement" to show that she was "in custody or that her will was overborne" in order to raise a violation of her "right to remain silent" and that *Ramos* does not impose such a requirement. *Id.* In essence, Oldson appears to argue that her Fifth Amendment right to remain silent was violated, rather than asserting that her statement was the product of coercion or otherwise involuntarily made.

Upon a de novo review, the Court agrees with the magistrate judge's analysis and conclusion. Oldson did not object to the magistrate judge's findings that she was not in custody at the time of the statement and that her statement was made voluntarily. The Court therefore adopts those findings. As this district has previously held, "[a] person's Fifth Amendment right to remain silent applies only in the context of *custodial* interrogation." *United States v. Ferguson*, CR. 15-50082-JLV, 2017 WL 78477, at *3 (D.S.D. Jan 9, 2017) (emphasis added). Indeed, "[i]f a person is not in custody, "then [her] attempts to invoke [her] right to remain silent and [her] *Miranda* right to counsel are ineffective." *Id.* (quoting *United States v. Murray*, 696 F. Supp. 2d 1044, 1056 (D. Ariz. 2010) (additional citation omitted)); *see Kinder v. Bowersox*, 272 F.3d

532, 548 (8th Cir. 2001) (affirming the state court's assertion that the "right to remain silent only applies when a suspect is in custody"). Accordingly, because Oldson was not in custody, she did not have a Fifth Amendment right to remain silent at the time of the interview, and Investigator Nez did not violate that right. *See Ferguson*, 2017 WL 78477, at *3 ("Based on the court's determination defendant was not in custody, the court finds defendant did not have a Fifth Amendment right to remain silent and law enforcement did not violate that right."); *United States v. Kelly*, 329 F.3d 624, 630 (8th Cir. 2003) ("Because Kelly was not subject to custodial interrogation . . . he was not entitled to the protections of *Miranda*.").

Furthermore, Oldson's contention that *Ramos* does not require a defendant to be "in custody or that her will be overborne" to raise a violation of her right to remain silent is misplaced. As discussed above, because Oldson was not in custody, her attempt to invoke her right to remain silent was ineffective. "When, as here, a defendant seeks to suppress non-custodial statements made to law enforcement authorities, the single issue before the court is whether the statements were voluntary[.]" *United States v. Haak*, 884 F.3d 400, 409 (2d Cir. 2018). Accordingly, "[i]n a non-custodial interview, a statement is involuntary when, based on the totality of the circumstances, 'it was extracted by threats, violence, or express or implied promises sufficient to *overbear the defendant's will* and critically impair [her] capacity for self-determination.'" *United States v. Evers*, 720 F. App'x 322, 325 (8th Cir. 2018) (emphasis added) (quoting *United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir.

2004)). Thus, the Court finds that Magistrate Judge Wollmann correctly applied *Ramos*.

Moreover, even if the right to remain silent was applicable, the Court finds that Oldson's statements do not reflect a clear, unequivocal, and unambiguous invocation of her right to remain silent. An invocation of the right to remain silent cannot be ambiguous or equivocal. *Berghuis v. Thompkins*, 560 U.S. 370, 381-82 (2010). "To adequately invoke this right and effectively cut off questioning, a suspect must indicate 'a clear, consistent expression of a desire to remain silent.'" *United States v. Johnson*, 56 F.3d 947, 955 (8th Cir. 1995) (quoting *United States v. Thompson*, 866 F.2d 268, 272 (8th Cir. 1989)). "Indirect, ambiguous, and unequivocal statements or assertions of an intent to exercise the right to remain silent are not enough to invoke that right[.]" *United States v. Ferrer-Montoya*, 483 F.3d 565, 569 (8th Cir. 2007).

The Court considers "the defendant's statements as a whole" when determining whether the right to remain silent has been unequivocally invoked. *Johnson*, 56 F.3d at 955; *see Simmons v. Bowersox*, 235 F.3d 1124, 1131 (8th Cir. 2001) ("To determine whether a defendant has unequivocally invoked the right to remain silent, the defendant's statements are considered as a whole." (citation omitted)). Although not required, it is considered good police practice to attempt to clarify whether the defendant intends to invoke her rights. *Davis v. United States*, 512 U.S. 452, 461–62 (1994) (making clear that "[i]f the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him").

Here, when Investigator Nez mentioned Jayde Bettelyoun (Jayde), Oldson responded that she did not "want to talk about that." Docket 50 at 4. Investigator Nez followed up by asking, "You don't want to talk about it?" *Id.* Oldson then replied, "No, I thought this was over Trevor. I don't know. I don't want to talk about Jayde and none of them. I was just arguing with her, I guess." *Id.* at 10. Investigator Nez asked, "Was it over, uh, Trevor" and the conversation continued. *Id.* After continuing to engage in the conversation for over a minute, Oldson again stated that she did not want to talk about Jayde, and she exited the vehicle. *Id.*

Although Oldson expressed reluctance to discuss a specific topic, her continued engagement with Investigator Nez did not constitute a clear invocation of her right to remain silent. In response to Investigator Nez's clarifying question, Oldson stated that she did not know and "did not want to talk about Jayde," but she nevertheless continued the conversation and voluntarily disclosed that she was "just arguing with" Jayde. *See United States v. Adams*, 820 F.3d 317, 323 (8th Cir. 2016) (affirming the district court's finding that the defendant had not "indicated a clear, consistent expression of a desire to remain silent" where he continued speaking with the agent for sixteen minutes following an initial ambiguous invocation). This exchange occurred without any further prompting by Investigator Nez. *See Id.* (finding that defendant "engaged in a course of conduct indicating waiver" by making uncoerced statements to the agent); *Berghuis*, 560 U.S. at 385 (holding that a suspect "waives the right to remain silent by making an uncoerced statement

to the police"). Accordingly, even if the right to remain silent applied, Oldson's statements, taken as a whole, reflect ambivalence to that right, rather than a clear, unequivocal, and unambiguous invocation of her right to remain silent.

## CONCLUSION

Thus, it is hereby

ORDERED that the Report and Recommendation, Docket 50, is adopted in full; it is further

ORDERED that the objection, Docket 51, to the Report and Recommendation is overruled and Oldson's motion to suppress, Docket 37, is denied.

Dated April 28, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE